UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

RICHIE SUKHDEO,

                                   Plaintiff,

      -against-

CITY OF NEW YORK, MANUEL J. ABREU, Individually,
PENNY WANG, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                   Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

**Jury Trial Demanded**

      Plaintiff RICHIE SUKHDEO, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

      1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

      4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff RICHIE SUKHDEO is a twenty-nine-year-old resident of Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MANUEL J. ABREU, PENNY WANG and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On August 8, 2018, at approximately 8:51 a.m., plaintiff, who at the time was employed as a car maintainer for the Metropolitan Transit Authority (hereinafter "MTA"), was falsely arrested and thereafter maliciously prosecuted based on false and fabricated allegations levied against him by defendant NYPD Officer MANUEL J. ABREU.

13. At the above time and location, plaintiff was lawfully present on a platform in the Time Square 42nd Street subway station, waiting to board a southbound #2 subway train, when defendant ABREU arrested him based on false allegation that he had observed plaintiff engage in the crime of forcible touching and sexual abuse.

14. Prior to his arrest, plaintiff had boarded an extremely crowded southbound #2 subway train at 96th Street station, to go to Macy's on 34th Street.

15. The train was extremely crowded, with people crammed on all sides of him, and bumping into him.

16. Plaintiff decided to exit the train at the 42nd Street station with the intent to board a less crowded southbound #2 train.

17. Upon exiting the train, plaintiff was approached by a plainclothes NYPD officer, defendant ABREU.

18. Defendant ABREU ordered plaintiff to stop, and then proceeded to arrest him.

19. Plaintiff informed ABREU that he worked for the MTA and repeatedly asked why he was being arrested, to which ABREU responded that his supervisor would tell him.

20. Plaintiff was taken up a flight of stairs to a platform where he was held for 15 to 20 minutes and searched.

21. Plaintiff was then taken up another flight of stairs leading outside, and into a

marked patrol car, in which he was transported to the NYPD 14th Precinct, where he was charged with 1 count of Forcible Touching and 1 count of Sexual Abuse in the Third Degree, and imprisoned therein for a number of hours, based on a false and fabricated allegation levied by defendant ABREU.

22. Plaintiff was distraught upon finding out the charges and immediately denied them.

23. Plaintiff informed ABREU that he was insulin dependent and needed to take his insulin, to which ABREU responded that he could not take insulin while he was arrested.

24. Plaintiff was later debriefed by ABREU about the false allegations, and plaintiff continued to deny that he engaged in the purported conduct of which he was being accused.

25. After speaking to ABREU, plaintiff was transported to central booking in New York County.

26. While at central booking, plaintiff underwent a medical screening and again mentioned that he was insulin dependent and was informed that waiting to receive insulin would delay his arraignment process by at least a day. Plaintiff, anxious to be released, declined to wait for the insulin shot.

27. As a result of missing his insulin shots, plaintiff experienced symptoms including nausea, fatigue, and a headache.

28. The defendant officers continued to imprison plaintiff until August 9, 2018, when plaintiff was arraigned on baseless charges filed under docket number 2018NY033400; said charges having been filed based solely on the false allegations of defendant ABREU.

29. As a result of defendant ABREU's false allegations, bail was set on plaintiff's case. Plaintiff subsequently posted bail and was released on August 9, 2018.

30. Defendant ABREU created and manufactured false statements which he conveyed to the New York County District Attorney's office, which used same against plaintiff in the aforementioned legal proceeding. Specifically, defendant ABREU falsely informed attorneys with the New York County District Attorney's Office that he observed plaintiff push his groin up against an unknown woman's buttock on a southbound # 2 subway rain. These allegations were false and resulted in a deprivation of plaintiff's liberty.

31. As a result of the defendant's actions, plaintiff was compelled to return to court on at least three occasions, until January 17, 2019, when all charges lodged against plaintiff were dismissed and sealed.

32. Plaintiff was fired from his job at the MTA due to nature of the false charges brought against him.

33. Defendant ABREU and JOHN and JANE DOE 1-10 were acting under the color of law when they unlawfully arrested plaintiff and/or failed to intervene in said arrest, and when defendant ABREU initiated a malicious prosecution against him based on false information conveyed to the New York County District Attorney's Office

34. Defendants ABREU and JOHN and/or JANE DOE 1 through 10 either directly participated in the false arrest, manufacturing of evidence, and/or malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring, and despite an opportunity to intervene

35. Defendant PENNY WANG supervised ABREU and JOHN and/or JANE DOE 1 through 10 and otherwise participated in the above unconstitutional acts and/or failed to properly monitor, train, and supervise said defendants

36. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals and falsification of evidence to support said arrests.

37. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding probable cause to arrest and engage in a practice of falsification to support unlawful arrests.

38. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights

39. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

40. All of the aforementioned acts deprived plaintiff RICHIE SUKHDEO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. As a result of the foregoing, plaintiff RICHIE SUKHDEO sustained, *inter alia*, deprivation of his liberty, physical and emotional distress, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendant officers arrested plaintiff RICHIE SUKHDEO based on false allegations, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

46. Defendant officers caused plaintiff to be falsely arrested and unlawfully imprisoned.

47. As a result of the foregoing, plaintiff RICHIE SUKHDEO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983 against the Individually Named Defendants Officers)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants initiated, commenced and continued a malicious prosecution against plaintiff RICHIE SUKHDEO.

50. Defendants caused plaintiff RICHIE SUKHDEO to be prosecuted without any probable cause until the charges were dismissed on or about January 17, 2019.

51. As a result of the foregoing, plaintiff RICHIE SUKHDEO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendant officers created false evidence and/or statements against plaintiff RICHIE SUKHDEO.

54. Defendant MANUEL ABREU utilized this false evidence and/or statements against plaintiff RICHIE SUKHDEO in legal proceedings.

55. As a result of defendants' creation and use of false evidence, which defendant MANUEL ABREU conveyed to the New York County District Attorney's Office, plaintiff RICHIE SUKHDEO suffered a deprivation of his liberty and a violation of his constitutional

rights to a fair trial, as guaranteed by the United States Constitution.

56. As a result of the foregoing, plaintiff RICHIE SUKHDEO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendants Officers)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants had an affirmative duty to intervene on behalf of plaintiff RICHIE SUKHDEO, whose constitutional rights were being violated in their presence by other officers.

59. The defendants failed to intervene to prevent the unlawful conduct described herein.

60. As a result of the foregoing, plaintiff RICHIE SUKHDEO was falsely arrested, he was denied his right to a fair trial, and maliciously prosecuted.

61. As a result of the foregoing, plaintiff RICHIE SUKHDEO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against the Individually Named Supervisory Defendant Officers)

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendant PENNY WANG personally caused plaintiff's constitutional injury by participating his plaintiff's unlawful arrest and being deliberately or consciously indifferent to plaintiff's rights in failing to properly supervise and train their subordinate employees.

64. As a result of the foregoing, plaintiff RICHIE SUKHDEO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or engaging in falsification and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JOSE RIVERA'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has

been deliberately indifferent to, the acts and conduct complained of herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RICHIE SUKHDEO.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RICHIE SUKHDEO as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RICHIE SUKHDEO as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RICHIE SUKHDEO was unlawfully seized, detained, imprisoned, and prosecuted.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RICHIE SUKHDEO'S constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff RICHIE SUKHDEO of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from malicious prosecution;

    C.    To receive a fair trial; and

    E.    To be free from the failure to intervene.

74. As a result of the foregoing, plaintiff RICHIE SUKHDEO is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued or otherwise within the tolling provisions of Executive Order 202 and in the subsequent Executive Orders extending Executive Order 202, including, without limitation, Executive Order 202.38, which extended the tolling period contained in Executive Order 202 until July 6, 2020.

79. Plaintiff has complied with all conditions precedent to maintaining the instant action.

80. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York against All Defendants)

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff RICHIE SUKHDEO.

83. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

84. Defendants caused plaintiff RICHIE SUKHDEO to be prosecuted without probable cause until the charges were dismissed on or about January 1, 2019.

85. As a result of the foregoing, plaintiff RICHIE SUKHDEO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who falsely arrested and manufactured evidence against plaintiff RICHIE SUKHDEO.

88. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

89. As a result of the foregoing, plaintiff RICHIE SUKHDEO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York</u>)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who falsely arrested and maliciously prosecuted plaintiff, and who deprived plaintiff of his right to a fair trial.

92. As a result of the foregoing, plaintiff RICHIE SUKHDEO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Negligence under the laws of the State of New York against Individually Named Defendants and Defendant City of New York</u>)

93. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

95. Defendant City, as employer of the defendant officers is responsible for their negligent acts under the doctrine of *respondeat superior*

96. As a result of the foregoing, plaintiff RICHIE SULHDEO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff RICHIE SUKHDEO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: New York, New York
July 6, 2020

                         BRETT H. KLEIN, ESQ., PLLC
                         Attorneys for Plaintiff RICHIE SUKHDEO
                         305 Broadway, Suite 600
                         New York, New York 10007
                         (212) 335-0132

By:  *Brett Klein*
       _____
       BRETT H. KLEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

RICHIE SUKHDEO,

                                                                Plaintiff,

       -against-

CITY OF NEW YORK, MANUEL J. ABREU, Individually,
PENNY WANG, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                                             Defendants.

---------------------------------------------------------------------------------X


**COMPLAINT**


                                       **BRETT H. KLEIN, ESQ., PLLC**
                                          Attorneys for the Plaintiff
                                          305 Broadway, Suite 600
                                          New York, New York 10007
                                             (212) 335-0132